UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM T. FOY,

    Petitioner,                                  Civil No. 05-CV-70284-DT
                                            HONORABLE GEORGE CARAM STEEH
v.                                                               UNITED STATES DISTRICT JUDGE

PAUL RENICO,

    Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

William T. Foy, ("petitioner"), presently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to commit sexual penetration, M.C.L.A. 750.520g(1). For the reasons stated below, petitioner's application for writ of habeas corpus is denied.

### I.  Background

Petitioner was convicted of the above offenses following his plea of no contest in the Genesee County Circuit Court.

Petitioner was originally charged with first-degree criminal sexual conduct and with being a third felony habitual offender. Prior to trial, the trial court judge

agreed to allow defense counsel to retain Dr. Terance Campbell at court expense, as a possible expert witness on the issue of the suggestibility of children who make sexual abuse allegations. Dr. Campbell reviewed the discovery and issued a report. However, the trial court ultimately granted the prosecutor's motion to exclude the expert testimony of Dr. Campbell.

On February 8, 2002, petitioner entered a plea of no contest to the reduced charge of assault with intent to commit sexual penetration. In exchange for his plea to the reduced charge, the prosecutor agreed to dismiss the original first-degree criminal sexual conduct charge and the supplemental information charging petitioner with being a third felony habitual offender. The prosecutor and defense also agreed that petitioner's minimum sentence would be within the sentencing guidelines range of 19-38 months.

Prior to accepting the plea of no contest, the trial court advised petitioner of the maximum penalty for the charge of assault with intent to commit sexual penetration. Petitioner also indicated that he understood the terms and conditions of the plea and sentence agreement. The trial court advised petitioner of the rights that he would be relinquishing by pleading no contest. Petitioner indicated that no force or threats had been made to get him to plead no contest and acknowledged that it was his own choice to enter the plea. Petitioner denied that any promises had been made to get him to plead no contest, other than the promises which had been placed on the record.

On April 3, 2002, petitioner was sentenced to thirty eight months to ten years in prison.

Petitioner subsequently filed a motion to withdraw his no contest plea. The motion was denied without an evidentiary hearing by the trial court on July 31, 2003.

Petitioner's conviction was affirmed on appeal. *People v. Foy,* 250548 (Mich.Ct.App. October 16, 2003); *lv. den.* 470 Mich. 859; 679 N.W. 2d 698 (2004). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or understanding of the nature of the charges and the consequences.
>
> II. Conviction obtained by the unconstitutional failure of the prosecution to allow defense evidence favorable to the defendant.
>
> III. Denial of effective assistance of counsel.

## II. Standard of Review

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Before discussing the merits of the case, this Court needs to address the respondent's failure to respond to the merits of the third claim raised by petitioner in his application for habeas relief.

The Court will not consider respondent to have waived her argument by failing to address the merits of petitioner's third claim, because to do so "would be tantamount" to granting a default judgment to petitioner in this case, which is a form of relief unavailable in habeas proceedings. *See Alder v. Burt,* 240 F.

4

Supp. 2d 651, 677 (E.D. Mich. 2003)(citing to *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970)); *See also Gordon v. Duran,* 895 F. 2d 610, 612 (9th Cir. 1990)(failure of state to respond to five of eight claims raised in habeas petition did not entitle habeas petitioner to default judgment on those claims). While this Court believes that respondent's failure to respond to the merits of petitioner's third claim demonstrates a lack of respect for the Court, as well as a lack of regard for the gravity of the matters raised in this case, *See Carpenter v. Vaughn,* 888 F. Supp. 635, 648 (M.D. Pa. 1994), such failure is not a basis to grant habeas relief to petitioner, because the burden of proof in a habeas proceeding is on the petitioner. *See Allen v. Perini,* 424 F. 2d at 138.

The Court also agrees with petitioner that respondent's conclusory response on pages two and three of her answer is of no consequence to determining whether habeas relief should be granted or denied. The points must be raised with specific arguments. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 651 (E.D. Mich. 2005). [1]

Respondent has suggested that petitioner's habeas petition should be dismissed on exhaustion grounds, because petitioner failed to raise his second

---

[1] The answer states: "Respondent asserts any and all available defenses including failure to exhaust state court remedies, the statute of limitations, and procedural default for each claim to which it is applicable. To the extent that any of the alleged trial errors are meritorious, Respondent asserts that they did not have a substantial impact or influence on the outcome of Petitioner's trial. Respondent also objects to Petitioner's statement of facts to the extent that the statements are not supported by the record. Respondent opposes any request for discovery, evidentiary hearings, bond, oral argument, or any other relief." [Respondent's answer, pp. 2-3]

and third claims with the Michigan Court of Appeals, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these two claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977).

The Court declines, however, to dismiss the petition on the ground that it contains unexhausted claims. A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's second and third claims lack merit, in the interests of efficiency and justice, the Court will

address petitioner's claims, rather than dismiss the petition on exhaustion grounds. *Welch v. Burke,* 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

**A. Claim # 1. The involuntary plea claim.**

Petitioner first claims that the state trial court abused its discretion in not allowing him to withdraw his plea of no contest. Petitioner alleges that he was coerced into pleading no contest as a result of the trial court's decision to exclude his court-appointed expert witness from testifying about the susceptibility of child sexual abuse victims to potentially suggestive interviewing techniques.

Petitioner has no absolute right to withdraw his no contest plea. *See Hoffman v. Jones,* 159 F. Supp.2d 648, 655 (E.D. Mich. 2001)(internal citations omitted). Therefore, unless petitioner's plea of no contest violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's no contest pleas is discretionary with the state trial court. *Id.*

A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. *See Myers v. Straub,* 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Id.* (citing *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991)). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he

7

or she is pleading guilty. *King v. Dutton,* 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. See *Myers v. Straub,* 159 F. Supp. 2d at 626. A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Myers,* 159 F. Supp. 2d at 627.

In the present case, petitioner was advised of the maximum penalties for the offense that he was charged with. The trial court and the prosecutor placed the terms of the plea agreement on the record and petitioner acknowledged that this was the entire agreement. Petitioner denied that any other promises or threats had been made to induce his plea of no contest. The transcript and the colloquy clearly establish that petitioner's plea of no contest was entered into knowingly and voluntarily.

Petitioner nonetheless claims that he was coerced into pleading no contest because the trial court granted the prosecution's motion to exclude his expert witness from testifying about the susceptibility of child sexual assault victims to coercive or suggestive interviewing techniques.

In *United States v. Davis,* 954 F. 2d 182 (4th Cir. 1992), the Fourth Circuit rejected a similar claim, holding that the defendant in a federal criminal case was not entitled to withdraw his guilty plea on the theory that he was coerced into pleading guilty by the district court's nonappealable pre-trial ruling which excluded the defendant's proposed expert in clinical psychology from testifying for the defense. In so ruling, the Fourth Circuit observed that in deciding whether to plead guilty or go to trial after the trial court had excluded his expert from testifying, the defendant "[d]id not face a decision different from that of any other defendant faced with an adverse pre-trial ruling." *Id.* at 185. The Fourth Circuit further noted that the plea transcript demonstrated that the trial court made a satisfactory effort to ensure that the plea was voluntary and not the product of coercion. *Id.*

In this case, the trial court engaged in a lengthy colloquy to ensure that petitioner's plea of no contest was entered into voluntarily. Petitioner acknowledged on the record that the choice to plead no contest was his own choice and not the product of coercion. The fact that petitioner had to choose between going to trial on the original charges or accepting a favorable plea

bargain after the trial court had excluded his expert from testifying was no different than the situation faced by any other defendant in a criminal case who is faced with an adverse pre-trial ruling by the trial court. *Davis,* 954 F. 2d at 185. This Court concludes that petitioner's plea of no contest was entered into freely and voluntarily. Petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The expert witness claim.

Petitioner next claims that the trial court denied him his rights to due process and equal protection of the law when the trial court would not allow petitioner's expert witness to testify at trial concerning the susceptibility of child sexual assault victims to suggestive or coercive interview techniques.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A nolo contendere plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* ---- F. Supp. 2d----; 2005 WL 2247484, * 5 (E.D. Mich. September 14, 2005). Petitioner's claim that his right to compulsory process was violated by the exclusion of his expert witness is waived by his no contest plea. *See Nobles v. Beto,* 439 F. 2d 1001, 1002, n. 1 (5th Cir. 1971); *See also Stokes v. Slayton,* 340 F. Supp. 190, 192 (W.D. Va. 1972)(petitioner's right to compel the attendance of witnesses at trial was waived by his valid plea of guilty).

Moreover, in *Washington v. Schriver,* 255 F. 3d 45 (2nd Cir. 2001), the Second Circuit held that the exclusion of expert testimony on the suggestibility of child witnesses did not rise to the level of constitutional error under the Confrontation and Due Process Clauses of the federal constitution, because the admission of the expert testimony would not have created an "otherwise non-existent" reasonable doubt about the petitioner's guilt. *Id.* at 60. The Second Circuit reasoned that the exclusion of the expert testimony did not violate the petitioner's constitutional rights, because the potential suggestibility of the child witness were presented to the jury in several other ways. *Id.* The Second Circuit further agreed with the state trial and appellate courts "[t]hat the basic idea that young children can be suggestible is not beyond the 'knowledge of the jurors.'" *Id.* at 60.

In this case, petitioner has not alleged that there were not other ways to present the potential suggestibility of his victim to the jurors. This Court further agrees with the Second Circuit that the idea that young children are susceptible to suggestive or coercive questions from adults is not beyond the knowledge of jurors. Petitioner's second claim is waived by his no contest plea and is otherwise without merit.

### B.  Claim # 3.  The ineffective assistance of counsel claims.

In his third claim, petitioner alleges that he was deprived of the effective assistance of trial and appellate counsel.

11

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner first claims that his trial counsel was ineffective in advising him to plead no contest to the lesser charge, rather than to bring an interlocutory appeal to challenge the trial court's decision to exclude his expert from testifying.

In this case, trial counsel's conduct in failing to file an interlocutory appeal from the trial court's pre-trial evidentiary ruling to exclude petitioner's expert from

testifying was not deficient, as the decision whether to file such an appeal required a judgment call on the part of defense counsel and appeals courts rarely grant motions for leave to file an interlocutory appeal. *See Douglas v. Hendricks,* 236 F. Supp. 2d 412, 431 (D.N.J. 2002).

     Moreover, petitioner is unable to establish that he was prejudiced by counsel's advice to plead no contest to the reduced charge rather than to go to trial. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F.

13

Supp. 2d 474, 484 (E.D. Mich. 2004). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is insufficient to prove such a claim. *Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).

In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002). Although petitioner suggests that his expert would have testified that the young victim in this case was susceptible to suggestive questioning by various relatives and police officers, this evidence would not create a reasonable doubt that did not already exist in this case. *Washington v. Schriver,* 255 F. 3d at 60. The jury could have decided to credit the victim's testimony in spite of the expert's testimony and could have convicted petitioner of the first-degree criminal sexual conduct charge, which carries up to life in prison. Trial counsel's decision to advise petitioner to plead no contest to the reduced charge of assault with intent to commit sexual penetration, a ten year offense, with an agreement that his minimum sentence would be within the sentencing guidelines range of 19-38 months, rather than to attack the credibility of the child witness at trial, either with or without the expert testimony, was a reasonable tactical decision. *See Roberts v. State,* 820 So. 2d 790, 791-92 (Miss. App. 2002)(defendant who pleaded

guilty to manslaughter did not receive ineffective assistance of counsel; defendant claimed that his attorney was ineffective by not disclosing or making sufficient use of information about the lack of credibility and conflicting statements of the State's main witness, but the counsel's actions fell within the ambit of trial strategy). [2]

The Court will likewise reject petitioner's ineffective assistance of appellate counsel claim. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). An attorney's failure to present a nonmeritorious issue on appeal does not constitute ineffective assistance of counsel. *See Harris v. Stegall,* 157 F.Supp. 2d 743, 747 (E.D.Mich. 2001). Because petitioner's underlying claims are without merit, appellate counsel was not ineffective for failing to raise some of these claims in petitioner' appeal.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the

---

[2] When there is paucity of federal law on a subject, state decisions interpreting the Federal Constitution, while not binding on a federal court, are persuasive. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 721, n.3 (E.D. Mich. 2004).

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *Myers v. Straub,* 159 F. Supp. 2d at 629. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 31, 2005, by electronic and/or ordinary mail.

                                                s/Josephine Chaffee
                                                Secretary/Deputy Clerk